# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MORGANTOWN BEAUTY COLLEGE, INC.,**
**Employer Below, Petitioner**

**FILED**
**June 15, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-38**          (JCN: 2022014371)

**PAULA KURCZAK,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Morgantown Beauty College, Inc. ("MBC") appeals the January 4, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Paula Kurczak filed a timely response.[1] MBC filed a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which denied the request to add de Quervain's tenosynovitis and extensor tendinitis to the claim and denied authorization of right thumb ulnar collateral repair surgery.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the Board's decision is vacated, and this case is remanded for further proceedings consistent with this decision.

Ms. Kurczak suffered a workplace injury on January 28, 2022, while employed by MBC, when she fell over a beanbag chair and injured her right wrist, elbow, and knee. On February 7, 2022, Ms. Kurczak saw Benjamin Moorehead, M.D., for pain in her right wrist. Dr. Moorehead diagnosed Ms. Kurczak with a sprain of her right wrist and prescribed a continuous thumb spica splint/brace for six weeks. He also performed a cortisone injection for Ms. Kurczak's wrist. Dr. Moorehead opined that Ms. Kurczak should participate only in light duty and noted the possibility of post-traumatic de Quervain's tenosynovitis. Ms. Kurczak reported that her wrist felt similar to when she had previously suffered from de

---

[1] MBC is represented by Jeffrey M. Carder, Esq. Ms. Kurczak is represented by William B. Gerwig III, Esq.

1

Quervain's tenosynovitis.[2] On March 2, 2022, the claim administrator held the claim compensable for unspecified sprain of the right wrist.

On March 7, 2022, Ms. Kurczak followed up with Dr. Moorehead. She reported that she had experienced minimal improvement and that her work duties had aggravated her injury even when she wore the splint. Dr. Moorehead diagnosed Ms. Kurczak with tendinitis, de Quervain's tenosynovitis, and a sprain of the right wrist. Dr. Moorehead took Ms. Kurczak off work for three weeks because MBC could not accommodate his recommendation for light duties. Dr. Moorehead subsequently released Ms. Kurczak to return to work with no restrictions on March 21, 2022, after she reported that the cortisone injection had improved her symptoms. However, on April 11, 2022, Ms. Kurczak followed up with Dr. Moorehead and complained that she was again experiencing pain in her wrist and elbow. Dr. Moorehead recommended that Ms. Kurczak begin wearing her brace again and go back to modified duty at work. Dr. Moorehead ordered an MRI of Ms. Kurczak's wrist.

Ms. Kurczak returned to Dr. Moorehead on May 2, 2022, and she reported her pain was about the same. Dr. Moorehead reviewed Ms. Kurczak's April 23, 2022, MRI and diagnosed her with tendinitis, de Quervain's tenosynovitis, sprain of right wrist, and extensor tendinitis of hand. Dr. Moorehead recommended physical therapy, Tylenol for pain control, and that Ms. Kurczak remain off work for three weeks. On May 18, 2022, Ms. Kurczak requested that de Quervain's tenosynovitis and exterior tendinitis of the hand be added to her claim as compensable diagnoses.

On June 1, 2022, Ms. Kurczak was examined by Joseph E. Grady II, M.D. Dr. Grady diagnosed her with a right wrist sprain superimposed on preexisting degenerative changes and right wrist de Quervain's tenosynovitis. Dr. Grady indicated that Ms. Kurczak could return to work without restrictions, but she had not reached her maximum degree of medical improvement ("MMI"). Dr. Grady originally associated the de Quervain's with the compensable injury. However, after reviewing Ms. Kurczak's medical records, Dr. Grady issued an addendum to report dated June 20, 2022, in which he indicated that Ms. Kurczak had a pre-injury history of de Quervain's tenosynovitis. Dr. Grady believed that Ms. Kurczak's present symptoms were associated with her preexisting condition rather than her compensable right wrist sprain. Dr. Grady further opined that Ms. Kurczak had reached MMI for her compensable injury.

The claim administrator issued an order dated July 14, 2022, denying Ms. Kurczak's request to add de Quervain's tenosynovitis and extensor tendinitis as compensable conditions under the claim. Ms. Kurczak was deposed on September 8, 2022. Ms. Kurczak testified that she had received an injection from Dr. Lively in September 2020 for right

---

[2] Ms. Kurczak was seen by Matthew Lively, M.D., in September 2020. Dr. Lively diagnosed her with de Quervain's tenosynovitis and gave a cortisone injection in her wrist.

thumb pain, and she had not experienced any further symptoms. Ms. Kurczak denied having any chronic complaints with her thumb or wrist pain prior to the compensable injury.

On December 5, 2022, the Board issued an order reversing the claim administrator's order, which denied Ms. Kurczak's request for the addition of de Quervain's tenosynovitis and extensor tendinitis as compensable conditions under the claim. The Board found that Dr. Moorehead's report, which opined that de Quervain's tenosynovitis and extensor tendinitis were related to the compensable injury, was the most persuasive. MBC now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, MBC argues that the preponderance of the evidence establishes that Ms. Kurczak's diagnosis for de Quervain's tenosynovitis was preexisting and not causally related to the compensable injury. Medical records indicate that Ms. Kurczak suffered from and was treated for de Quervain's tenosynovitis in 2020. We find that it is not clear from the record that Ms. Kurczak's de Quervain's tenosynovitis is causally related to her compensable injury.

The Board found that the report of Dr. Moorehead was more persuasive because he was Ms. Kurzcak's treating physician. Further, the Board found, based on Dr. Moorehead's report, that Ms. Kurczak's diagnosis of de Quervain's tenosynovitis is compensable under this claim. However, the Board failed to adequately analyze the diagnosis of de Quervain's

3

tenosynovitis considering Ms. Kurczak had previously been diagnosed with and treated for that condition.

Upon review, we conclude that the Board was clearly wrong in determining that Ms. Kurczak's de Quervain's tenosynovitis is compensable without further evidentiary development. The Board should have done an analysis of the condition under the guidance of the Supreme Court of Appeals of West Virginia's holdings in the cases *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E. 2d 779 (2022), and *Gill v. City of Charleston*, 236 W.Va. 737, 783 S.E.2d 857 (2016).

Accordingly, we vacate the Board's January 4, 2023, order and remand this matter to the Board for further proceedings consistent with this decision.

Vacated and Remanded.

**ISSUED:** June 15, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen